**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Natalio FRIDMAN, Defendant-Appellant.**

**No. 15-3969-cv**

United States Court of Appeals, Second Circuit.

December 13, 2016

FOR PLAINTIFF-APPELLEE: JENNI-FER JUDE, Assistant United States Attorney, (Benjamin H. Torrance, Assistant United States Attorney, on the brief), for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT: RICHARD A. LEVINE, (Vivek A. Chandrasekhar, on the brief), Roberts & Holland LLP, New York, NY.

PRESENT: AMALYA L. KEARSE, RAYMOND J. LOHIER, JR., CHRISTOPHER F. DRONEY, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Natalio Fridman appeals from the order of the United States District Court for the Southern District of New York (Marrero, J.) entered on November 25, 2015, granting an Internal Revenue Service ("IRS") petition to enforce summonses pursuant to the Internal Revenue Code, 26 U.S.C. §§ 7602 and 7604(a). As part of an investigation into Fridman's 2008 tax liability, the IRS issued two identical summonses (the "Summonses") seeking records related to Fridman's foreign financial accounts. One summons was served on Fridman in his capacity as trustee of a domestic trust (the "David Marcelo Trust") and the other was served on Fridman in his individual capacity. On appeal, Fridman asserts that the District Court erred in concluding: (1) that the Government satisfied its burden under United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), to show that the Summonses seek documents that are relevant to the IRS's investigation; (2) that Fridman's invocation of his Fifth

Amendment "act of production" privilege against self-incrimination was a blanket invocation insufficient to establish his entitlement to the privilege; (3) that, in any event, the requested documents were subject to the foregone conclusion doctrine, the required records doctrine, and the collective entity doctrine; and (4) that Fridman must appear for an interview by the IRS to provide testimony regarding documents produced in his representative capacity as trustee of the David Marcelo Trust. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to vacate and remand.

We conclude that the District Court did not err in determining that the Government satisfied its burden to show that the requested documents are relevant. To obtain enforcement of a summons, the IRS must establish that the inquiry "may be relevant to the purpose" of the agency's investigation. United States v. Clarke, — U.S. ——, 134 S.Ct. 2361, 2365, 189 L.Ed.2d 330 (2014) (quotation marks omitted). Under United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the standard for showing relevance is "very low," Adamowicz v. United States, 531 F.3d 151, 158–59 (2d Cir. 2008), and the Government's burden is "minimal," United States v. White, 853 F.2d 107, 111 (2d Cir. 1988). The IRS may satisfy this burden by submitting a "simple affidavit" from an investigating agent. Clarke, 134 S.Ct. at 2367. Here, the declaration submitted by Agent Kobayashi adequately supports the District Court's conclusion that the requested documents are relevant to the Government's investigation of whether Fridman accurately reported his income in 2008.

But we also conclude that the record is insufficiently developed to permit meaningful appellate review of the District Court's determination that the Fifth Amendment act of production privilege does not apply. There is, for example, no transcript of the proceeding held before the District Court during which Fridman asserted the act of production privilege. We are therefore unable to evaluate with confidence the accuracy of the District Court's description of that assertion as a "blanket" invocation. In the alternative, the District Court determined that "producing the documents responsive to the Summonses falls under the foregone conclusion doctrine, the collective entity doctrine, and/or the required records exceptions to the Fifth Amendment's protection." Joint App'x 107. But the District. Court did not identify which of these exceptions apply to which document requests or accounts. Nor did it determine whether any of these exceptions might apply for time periods narrower than the periods covered by the Summonses. See, e.g., In re Grand Jury Subpoena Dated Feb. 2, 2012, 741 F.3d 339, 342 (2d Cir. 2013) (applying the required records doctrine to documents covered by the Bank Secrecy Act under 31 C.F.R. § 1010.420, which requires foreign bank records to be held for only a period of five years).

On remand, through in camera review of documents if necessary, the District Court should: (1) provide a record sufficient for appellate review in determining whether Fridman properly invoked his Fifth Amendment act of production privilege; and (2) identify any applicable exceptions to the act of production privilege for each document request and determine the period of time for which the exception applies.[1]

---

1. The District Court should evaluate whether

the foregone conclusion exception applies in

For the foregoing reasons, the judgment of the District Court is **VACATED AND REMANDED** for further proceedings consistent with this order.

light of our decision in United States v. Greenfield, 831 F.3d 106 (2d Cir. 2016).